1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   CHESTER RAY WISEMAN,              )      NO. CV 19-4271-RSWL(E)
                                       )
12              Petitioner,            )
                                       )
13        v.                           )      ORDER OF DISMISSAL
                                       )
14   KEN CLARK, Warden,                )
                                       )
15              Respondent.            )
     _____)
16

17

18        Petitioner filed a "Petition for Writ of Habeas Corpus By a

19   Person in State Custody" on May 16, 2019.  The Petition seeks to

20   challenge a 1997 San Bernardino County Superior Court judgment

21   (Petition, p. 2).

22

23        Petitioner previously challenged this same Superior Court

24   judgment in a prior habeas corpus petition filed in this Court.  See

25   Wiseman v. Roe, CV 02-90-RMT(CT).  On September 11, 2002, this Court

26   entered Judgment in Wiseman v. Roe, CV 02-90-RMT(CT), denying and

27   dismissing the prior petition with prejudice as untimely.

28   ///

The Court must dismiss the present Petition in accordance with
28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
Effective Death Penalty Act of 1996"). Section 2244(b) requires that
a petitioner seeking to file a "second or successive" habeas petition
first obtain authorization from the Court of Appeals. See Burton v.
Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive
authorization from Court of Appeals before filing second or successive
petition, "the District Court was without jurisdiction to entertain
[the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.
2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
requires the permission of the court of appeals before 'a second or
successive habeas application under § 2254' may be commenced"). A
petition need not be repetitive to be "second or successive," within
the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v.
Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965
(1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal.
Mar. 6, 2008). The dismissal of a habeas petition as untimely
"constitutes an adjudication on the merits that renders future
petitions under § 2254 challenging the same conviction 'second or
successive' petitions under § 2244(b)." McNabb v. Yates, 576 F.3d
1028, 1030 (9th Cir. 2009). Petitioner evidently has not yet obtained
authorization from the Ninth Circuit Court of Appeals.[1] Consequently,
this Court cannot entertain the present Petition. See Burton v.

---

[1]     The docket for the United States Court of Appeals for
the Ninth Circuit, available on the Pacer database at
www.pacer.gov does not reflect that anyone named Chester Wiseman
has received authorization to file a second or successive
petition. See Mir v. Little Company of Mary Hosp., 844 F.2d 646,
649 (9th Cir. 1988) (court may take judicial notice of court
records).

1   <u>Stewart</u>, 549 U.S. at 157; <u>see also</u> <u>Remsen v. Att'y Gen. of Calif.</u>, 471

2   Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain

3   authorization from the Court of Appeals to file a second or successive

4   petition, "the district court lacks jurisdiction to consider the

5   petition and should dismiss it.") (citation omitted).[2]

6

7      For all of the foregoing reasons, the Petition is denied and

8   dismissed without prejudice.

9

10      LET JUDGMENT BE ENTERED ACCORDINGLY.[3]

11

12      DATED: _____June 6_____, 2019.

13                   RONALD S.W. LEW

14                _____

15                   RONALD S.W. LEW
                    UNITED STATES DISTRICT JUDGE

16   PRESENTED this 22nd day of

17   May, 2019, by:

18

19   _____
     CHARLES F. EICK

20   UNITED STATES MAGISTRATE JUDGE

21   _____

22      [2]   This Court rebuffed a previous attempt by Petitioner to
  bring a "second or successive" petition challenging the 1997 San

23   Bernardino County Superior Court judgment. <u>See</u> <u>Wiseman Pine v.</u>
  <u>State of California</u>, CV 07-1542-RSWL(CT).

24      [3]   Ninth Circuit Rule 22-3(a) provides that "if a second

25   or successive petition . . . is mistakenly submitted to the
  district court, the district court shall refer it to the court of

26   appeals." Assuming <u>arguendo</u> that the conflict between 28 U.S.C.
  section 2244(b) and Rule 22-3(a) does not invalidate the latter,

27   dismissal rather than "reference" still would be appropriate
  herein. It is apparent that Petitioner submitted the present

28   Petition to this Court intentionally rather than mistakenly.